UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 11-10206-MLW

UNITED STATES OF AMERICA

v.

OWENS BROWN, et. al.

**ORDER ON EXCLUDABLE TIME**

February 17, 2012

Boal, M.J.

Upon consideration of the government's assented-to motion seeking an order of excludable delay, the Court finds as follows:

1.  A continuance of this proceeding from February 9, 2012, the date of the interim status conference, through and including May 10, 2012, the date of the final status conference, is necessary to ensure that counsel for the defendants and the defendants have sufficient time to review discovery, investigate the evidence, and to evaluate the need for, and prepare, any pretrial motions. I find, given the specific circumstances in this case, that this continuance constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

2.  The ends of justice served by granting the continuance from February 9, 2012, through and including May 10, 2012, outweigh the best interests of the public and the defendants for a trial within seventy days of the filing date (and making public) of the indictment pursuant to the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

Accordingly, the Court hereby grants the government's motion and ORDERS that the

period from February 2, 2012,[1] through and including May 10, 2012, be excluded from the Speedy Trial Act computation of the time within which trial in the case must begin, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).[2]

      /s/ Jennifer C. Boal
     JENNIFER C. BOAL
     United States Magistrate Judge

---

[1] The interim status conference was continued from February 2, 2012 to February 9, 2012. For the reasons contained herein, the Court orders that the time from February 2, 2012 to February 9, 2012 also be excluded.

[2] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).