UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 11-10206-DPW

UNITED STATES OF AMERICA

v.

OWENS BROWN, et al.

**ORDER ON DEFENDANT'S MOTION FOR DISCLOSURE OF TEN-DAY
REPORTS AND EARLY DISCLOSURE OF STATEMENTS OF WITNESSES**

(Docket No. 47)

May 16, 2012

Boal, M.J.

Defendant Owens Brown has moved for an order compelling disclosure of any and all "ten-day reports" submitted to the District Court during the course of the government's wire tap investigation in this case as well as the early disclosure of witness statements. For the following reasons, the Court DENIES the motion.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 26, 2011, a federal grand jury returned an indictment against Brown and Archie Allen, charging them with possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841. (Docket No. 2).

On July 8, 2011, the government provided Brown's counsel with the affidavits, applications, orders, recordings and line sheets for each of the wiretap orders in the underlying investigation. Government's Opposition to Motion ("Opp."), p. 2-3 (Docket No. 48).

On July 21, 2011, a federal grand jury returned a superseding indictment against Brown

and Allen, charging them with possession with intent to distribute and distribution of more than 28 grams of cocaine base in violation of 21 U.S.C. § 841. (Docket No. 24).

On December 19, 2011, Brown requested, inter alia, the ten day reports submitted in connection with the interception of two target telephones and early disclosure of witness statements. (Docket No. 39).

On April 9, 2012, Brown filed his motion for disclosure of the ten day reports and witness statements, which the government opposed on April 24, 2012. (Docket Nos. 47, 48). The Court heard oral argument on May 10, 2012.

II.     ANALYSIS

     A.     Progress Reports Under Title III

Pursuant to 18 U.S.C. § 2518(6), a judge who authorizes interceptions of wire communications under Title III of the Omnibus Control and Safe Streets Act of 1986, 18 U.S.C. §§ 2510-2520 ("Title III") may direct that the government provide reports "showing what progress has been made toward achievement of the authorized objective [of the order] and the need for continued interception." 18 U.S.C. § 2518(6). Such reports are to be filed with the judge "at such intervals as the judge may require." Id. "[P]rogress reports[1] are offered solely to aid the issuing judge, and the sufficiency of these reports is a matter for the issuing judge." United States v. McCafferty, 772 F. Supp. 2d 863, 878 (N.D. Ohio 2011) (citing United States v. Marchman, 399 F.Supp. 585, 586 (E.D. Tenn. 1975)). The reports allow possible abuses to be detected and halted by the court, thereby furthering Congress' intent to limit the extent of court authorized intrusions on the privacy of oral communications. United States v. Chimera, 201

---

[1] "Ten day reports" are synonymous with progress reports.

F.R.D. 72, 76 (W.D.N.Y. 2001) (citing <u>United States v. Kahn</u>, 415 U.S. 143, 154-55 (1974)).

Brown argues that the government should turn over the progress reports because they are necessary to protect his rights to due process, a fair trial, and a complete defense. Further, Brown argues that the reports contain "exculpatory evidence pursuant to the Fifth, Sixth, and Fourteenth Amendments." Defendant's Motion ("Motion"), p. 1 (Docket No. 47). Brown also asserts that the progress reports contain material evidence. Motion, p. 3. Specifically, Brown argues that the progress reports contain: (1) information regarding minimization; (2) evidence regarding the veracity of further applications for warrants by the government; (3) contemporaneous observations by government agents that could form the basis for a challenge to search warrants obtained for houses and tangible objects; and (4) relevant evidence, observations, witness statements and impeachment material that are not cumulative of the discovery already provided. <u>Id.</u>, p. 3-5.

The government argues that the progress reports: (1) are immaterial to any motion to suppress wiretap communications because the government has already disclosed the wiretap applications, affidavits, orders, recordings and line sheets; and (2) are precluded from disclosure by Fed. R. Crim P. 16(a)(2) because they were made by a government attorney in connection with the investigation and prosecution of a case. Opp., p. 1-3, 7. The government also argues that Brown has not provided a credible basis to believe that the progress reports contain exculpatory information. <u>Id.</u>, p. 7-9.

The parties have not cited to any First Circuit law that addresses the compelled disclosure

of progress reports.[2]  However, the weight of jurisprudence from other districts favors non-disclosure.  See, e.g., United States v. Abdul-Ahad, No. 08-142, 2008 U.S. Dist. LEXIS 109041, at *20 (D. Minn. October 27, 2008) ("Courts generally deny requests to discover interim progress reports.") (collecting cases).  As detailed below, the Court agrees with the reasoning of these cases, and accordingly denies Brown's motion for disclosure.

        1.        Disclosure Is Not Mandated By The Federal Rules Of Criminal Procedure

Federal Rule of Criminal Procedure 16(a)(1)(E) authorizes discovery from the government of documents, inter alia, "material to preparing the defense."  Fed. R. Crim. P. 16(a)(1)(E).  Discovery is material "if the information sought is relevant to the case and will lead to the discovery of admissible evidence."  Chimera, 201 F.R.D. at 76.  "Further, the requested information must have more than an abstract relationship to the issue presented; there must be some indication that the requested discovery will have a significant effect on the defense."  Id.

Brown has not established that the progress reports are material to preparing the defense, i.e. to preparing a motion to suppress evidence or to challenge whether the government complied with the minimization requirements of Title III.  "Progress reports are, for the most part, a summary of information already provided to defendants, i.e. the tapes, summaries and logs.  Those items . . . are the original and best sources of information regarding statutory compliance." United States v. Orozco, 108 F.R.D. 313, 316 (S.D. Cal. 1985).  "Any questions regarding the investigator's failure to comply with the early termination requirements . . . may be determined

---

[2]  Brown does cite to United States v. Lazu-Rivera, No. 03-249, 2004 WL 3171128 (D.P.R. December 29, 2004).  In that case, however, it appears the government had voluntarily disclosed progress reports.  The case does not discuss whether the government is required to disclose such reports.

by comparison between the objectives as stated in the order and the actual taped interceptions, transcript summaries, and contemporaneous logs . . . . The same is true as to any claims of failure to minimize. . ." Chimera, 201 F.R.D. at 77; see also United States v. Wright, 121 F. Supp. 2d 1344, 1350 (D. Kan. 2000); United States v. Pray, 734 F. Supp. 2d 158, 160 (D.D.C. 2010); McCafferty, 772 F. Supp. 2d at 878. Furthermore, "[a]ny lack of probable cause for the issuance of the orders or a failure to otherwise comply with § 2578(1)(c) must be present itself on the face of the application." Chimera, 201 F.R.D. at 77; see also Orozco, 108 F.R.D. at 316 (validity of wire tap applications must be "based on the knowledge of the government agents as of the date the application was sought.").

      Here, the government has turned over the wiretap applications, affidavits, orders, recordings and line sheets. Opp., p. 2-3. Accordingly, Brown already possesses the necessary information to prepare a motion to suppress and/or challenge the wiretap, and therefore has not established that the progress reports are material to preparing his defense.

      The Court's finding is supported by the fact that Sections 2518(8)-(10) of Title III authorize the issuing judge, upon a motion by an aggrieved party, to make available portions of intercepted conversations, applications, and orders, but does not provide for the disclosure of progress reports. "Given that such reports are for the benefit of the issuing judge in monitoring compliance with the order . . . it follows, by negative implication, that such reports were not intended by Congress to be disclosed." Chimera, 201 F.R.D. at 78 (internal citation omitted); see also Orozco, 108 F.R.D. at 316; McCafferty, 772 F. Supp. 2d at 879 n. 22.

      The Court declines to order that the reports must be produced pursuant to Rule 16(a)(1)(E).

2.     Exculpatory Material

Brown argues that the progress reports contain exculpatory material and should be turned over pursuant to Brady v. Maryland, 373 U.S. 83 (1963).  Under Brady v. Maryland, 373 U.S. 83 (1963), "the government has a duty to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment."  United States v. Prochilo, 629 F.3d 264, 268 (1st Cir. 2011) (citing Brady, 373 U.S. at 87).  "Evidence is 'favorable to the accused' if it is either exculpatory or impeaching in nature and 'material' if there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different."  Id. (citations omitted).

"The government is primarily responsible for deciding what evidence it must disclose to the defendant under Brady" and such decision is generally final unless it is later shown that exculpatory evidence was not disclosed.  Id.  (citing Pennsylvania v. Ritchie, 480 U.S. 39, 59-60 (1987)).  If a defendant seeks access to specific materials that the government contends are not discoverable under Brady, the defendant must make some showing that the material in question could contain favorable, material evidence.  Id. at 268-69.  That showing cannot be based on speculation.  Id.

Aside from a blanket statement that the reports are exculpatory, see Motion, p. 1, 3, 4, 5, Brown has not identified specifically why the progress reports contain favorable, material evidence.  The Court declines to order the disclosure of the progress reports based on this showing.  See United States v. Arnett, No. 04-285, 2005 WL 6111778, at *8 (E.D. Wis. April 13, 2005) (defendant's suggestion that progress reports might contain exculpatory information too speculative to warrant disclosure).  Further, progress reports primarily constitute summaries of interceptions and therefore "do not provide any statements or exculpatory material not also

required to be disclosed in its original form." Orozco, 108 F.R.D at 316. "Thus, if the intercepted communications contain exculpatory information, Defendants either already have, or will have, access to it in sufficient time to use it in their defense." Chimera, 201 F.R.D. at 77; United States v. Degaule, 797 F. Supp. 2d 1332, 1352 n. 15 (N.D. Ga. 2011). Brown has not provided any information to the contrary. Accordingly, the Court declines to order disclosure of the reports on Brady grounds.

Brown also argues that disclosure of the progress reports is necessary to protect his Sixth Amendment right to compulsory process and to present a complete defense. The Constitution guarantees the right to present a complete defense, whether this right is "rooted directly in the Due Process Clause of the [Fifth and] Fourteenth Amendment, or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment." United States v. Diaz, 670 F.3d 332, 345-6 (1st Cir. 2012); United States v. DeCologero, 530 F.3d 36, 72 (1st Cir. 2008). The parties have not cited to any First Circuit case law that has determined when a discovery restriction rises to the level of a Sixth Amendment violation. See also United States v. Henry, 482 F.3d 27, 31 (1st Cir. 2007). At the very least, however, the evidence sought must be material and favorable to the defense. See United States v. Hoffman, 832 F.2d 1299, 1303 (1st Cir. 1987); United States v. Filippi, 918 F.2d 244, 247 (1st Cir. 1990). As stated above, Brown has not made this showing, and the Court declines to order disclosure of the reports on Sixth Amendment grounds.

B.   Witness Statements

Brown argues that the government should immediately disclose any witness statements because they are material and exculpatory evidence and may contain impeachment material.

Motion, p. 10-11.[3]  Brown also argues that the immediate disclosure of witness statements is necessary to protect his Sixth Amendment right to compulsory process and to present a complete defense.  Id., p. 11-12.  The government argues that immediate disclosure of witness statements is not appropriate given that no trial date has been set in this case and the government has yet to determine what witnesses will be called as part of its case-in-chief.  Opp., p. 9.  The government also states that it will continue to comply with its obligations under Brady and the local rules and will disclose any impeachment evidence 21 days prior to trial pursuant to Local Rule 116.2(b)(2).  Id.

     Local Rule 116.2 provides the timing for disclosure of exculpatory and impeachment evidence, and the government has stated that it is mindful of its obligations under this rule and Brady.  The government has also stated that it will disclose any impeachment evidence 21 days prior to trial.  Brown has not provided a sufficient basis to deviate from this timing.  Accordingly, Brown's request for immediate disclosure of the witness statements is denied.

---

[3]  Brown further argues that "the trial date is rapidly approaching."  Motion, p. 1; see also Motion, p. 6.  Yet, the docket sheet for this case gives no indication that Judge Woodlock has set a trial date.

III. <u>ORDER</u>

For the foregoing reasons, Brown's motion to compel disclosures of the ten-day reports and witness statements is DENIED.[4]

                                                       /s/ Jennifer C. Boal
                                                      JENNIFER C. BOAL
                                                      United States Magistrate Judge

---

[4] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See <u>Phinney v. Wentworth Douglas Hospital</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir 1993).