# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.  ) | No. 11-10206-DPW |
| ) | |
| ARCHIE ALLEN, ) | |
|   Defendant. ) | |

## GOVERNMENT STATUS REPORT

The United States, by and through Assistant United States Attorneys Nathaniel R. Mendell and Jennifer H. Zacks, submits this status report regarding the defendant's pending motion, filed pursuant to 18 U.S.C. §3582.[1]

**a.  The defendant's eligibility for a reduction of sentence in accordance with 18 U.S.C. §3852.**

**1.  Procedural background.**

The defendant was charged with conspiracy to distribute 500 grams or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1)(A). The defendant pled guilty to the charge on September 21, 2012. The presentence report ("PSR") found the defendant responsible for 1,701 grams of cocaine base. *See* PSR at ¶ 80. This quantity generated a base offense level ("BOL") of 34.

---

[1] The government has provided a draft of this status report, including the government's recommendation, to defense counsel.


At sentencing, the Court adopted the PSR's BOL calculation. It applied a three-level reduction for acceptance of responsibility and a two-level reduction under the safety valve provision, resulting in a total offense level ("TOL") of 29. The defendant was in criminal history category ("CHC") I, yielding a guideline sentencing range ("GSR") of 87 to 108 months. After consideration of the sentencing factors in 18 U.S.C. §3553(a), the Court varied downwards and imposed a sentence of 60 months. *See* Sent. Tr. at 13.

The defendant has a current projected release date of October 10, 2016.

### 2. The defendant's eligibility for relief.

The defendant is ineligible for a reduction in his sentence because he previously received a sentence below the bottom of the now-amended GSR. As the First Circuit has held, on a §3582 resentencing, the Court cannot reduce a sentence to a term less than the amended GSR, whether or not the original sentence included a downward departure or variance. The only exception – which is inapplicable in this case – is where the defendant received a substantial assistance departure. *See United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013)("Pursuant to §1B1.10(b)(2)(A), a court cannot reduce a defendant's sentence under '18 U.S.C. §3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)'").

b.     **Revised Guideline Calculation.**

Using the revised drug quantity table, the defendant's BOL is 32 and his TOL is 27. The defendant is in CHC I, and, therefore, his revised GSR is 70 to 87 months.

c.     **Sentencing recommendation.**

The defendant is not eligible for a reduced sentence.

d.     **Whether a hearing is required.**

No hearing is required.

e.     **Earliest projected release date based on the low end of the revised guideline calculation.**

The defendant's earliest projected date of release is unchanged.

f.     **Proposed briefing schedule on contested issues.**

No further briefing is required.

g.     **Whether a transcript is required.**

No transcript is required.

h.     **Plea agreement.**

There was no plea agreement in this case.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: /s/ Jennifer Hay Zacks
Nathaniel R. Mendell
Jennifer H. Zacks
Assistant U.S. Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
617-748-3109
DC Bar No. 431747
jennifer.zacks@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


Date: May 7, 2015                    /s/ Jennifer Hay Zacks
                                            JENNIFER HAY ZACKS
                                            Assistant United States Attorney